IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHET MICHAEL WILSON, on behalf of himself and others similarly situated, | : <br> : CIVIL ACTION FILE NO.  1:25-cv-01075 (FJS/DJS) <br> : |
| Plaintiff, | : <br> : |
| v. | : **COMPLAINT – CLASS ACTION** <br> : |
| LIBERTY HOME GUARD LLC | : **JURY TRIAL DEMANDED** <br> : |
| Defendant. | : <br> : |

Plaintiff Chet Michael Wilson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Liberty Home Guard LLC ("Liberty Home"), violated the TCPA by making telemarketing calls to the Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. Because such calls typically use technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES**

6. Plaintiff Chet Michael Wilson is an individual.

7. Defendant Liberty Home Guard LLC is headquartered and has its principal place of business in Albany, New York in the Northern District of New York.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has general jurisdiction over Liberty Home because it is located in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the voicemails at issue were orchestrated and send from this District and therefore a substantial part of the events giving rise to the claims occurred in this District.

## BACKGROUND

<u>The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.</u>

11. The TCPA prohibits calling and leaving voicemails to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

12. The National Do Not Call Registry allows consumers to register their telephone number and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**FACTS**

15. Defendant Liberty Home is a home warranty service provider.

16. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff Wilson's telephone number (541) XXX-XXXX is a non-commercial telephone number that is used for residential purposes.

18. Plaintiff Wilson uses the telephone number for his own personal, residential, and household needs and reasons.

19. Plaintiff Wilson does not use the number for business reasons or business use.

20. The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21. Plaintiff Wilson's number has been on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

22. Despite this, Plaintiff received numerous unsolicited calls and text messages from Defendant, some of which are shown below:



23.     Beginning on October 13, 2024, Plaintiff received a text message from Defendant at 7:36 a.m. EST from telephone number (619) 547-1385, stating: "Take Control Of Your Home's Safety! Claim $225 Off Your Home Warranty! Let's Get You Covered!" and including a hyperlink to https://lhgcts.link/GkUkkdX3 and a phone number 888-671-2174.

24.     Plaintiff continued to receive similar text messages from Defendant on at least October 14, 20, 22, 24, 28, and 30, 2024; November 1, 4, 6, 7, 8, 11, 12, 14, 17, 19, 21, 24, 26, 28, 29 (twice), and 30, 2024; and December 1 (twice), 2 (twice), 3, 4, and 5, 2024.

25.     These text messages were substantially similar in content, promoting "Liberty Home Guard" home warranty services, offering monetary discounts (generally $225–$250), and including promotional hyperlinks.

5

26. Many of the text messages were sent in the early morning hours, including on October 13, 2024, at 7:36 a.m., November 12, 2024, at 7:23 a.m., November 17, 2024, at 7:57 a.m., and November 26, 2024, at 7:54 a.m.

27. On July 18, 2025, Plaintiff received two calls from Defendant at telephone number (503) 303-3905.

28. On July 28, 2025, Plaintiff received a telemarketing voicemail from telephone number (503) 303-3905. The caller identified himself as "Abel with Liberty Home Card" and stated that Plaintiff had inquired about a home warranty to cover appliances. The caller offered to go over a promotion and answer questions and left a callback number of (646) 558-3419.

29. On July 28, 2025, Plaintiff also received an additional call from Defendant from telephone number (646) 303-9181.

30. On August 7, 2025, Plaintiff received another call from Defendant from telephone number (646) 927-0881.

31. The goal of the calls was to sell the Plaintiff their home warranty services.

32. Plaintiff's privacy has been violated by the above-described telemarketing calls and voicemails.

33. The Plaintiff has been on the National Do Not Call Registry at least 30 days prior to the at issue calls.

34. The Plaintiff never provided his consent or requested the calls or voicemails.

35. The aforementioned calls to the Plaintiff were unwanted.

36. The calls were non-consensual encounters.

37. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully stated herein.

39. Plaintiff brings this action on behalf of himself and the following Classes pursuant to Federal Rule of Civil Procedure 23(b)(2).

40. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.
>
> **Early/Late Call Class:** All persons within the United States: (1) who received one or more telephone solicitation calls or text messages from Defendant or a third party acting on Defendant's behalf; (2) before 8:00 a.m. or after 9 p.m. (local time at the called party's location); and (3) within the four years prior to the filing of the Complaint.

41. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes.

42. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

44. This Class Action Complaint seeks injunctive relief and money damages.

45. The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

46. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were sent in a generic fashion.

47. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

49. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

50. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

   a. Whether Defendant sent multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b. Whether Defendant sent telephone solicitation calls or text messages to Plaintiff and members of the Early Morning Call Class before 8:00 a.m. local time;

   c. Whether Defendant's conduct constitutes a violation of the TCPA; and

   d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because the Plaintiff has no interests which are antagonistic to any member of the Classes.

52. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

53. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant or any other vendors/providers used by Defendant as may be revealed in the course of discovery.

54. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

55. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56. The foregoing acts and omissions of Defendant, and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the

9

National Do Not Call Registry Class despite their number being on the National Do Not Call Registry.

57. Defendant's violations were negligent, willful, or knowing.

58. As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

59. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant, and/or their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, from sending telemarketing calls to any telephone number registered on the National Do Not Call Registry, except for emergency purposes, in the future.

60. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

2.  That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

3.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

4.  Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury

Dated: August 11, 2025

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100